FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2014 OCT 15  PM 3: 11

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

CHRISTOPHER J. HOWARD

      Plaintiff,

v.

CASE NO.:

6:14-CV-1677-ORL-41KRS

TOYOTA MOTOR CREDIT CORP.,
d/b/a LEXUS FINANCIAL SERVICES, and
CENTRAL CREDIT SERVICES, LLC,

      Defendants.
_____/

## COMPLAINT FOR UNFAIR AND HARASSING DEBT COLLECTION

Plaintiff, Christopher J. Howard, by and through undersigned counsel, sues Toyota Motor Credit Corp. d/b/a Lexus Financial Services, and Central Credit Services, LLC, and states as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action pursuant to 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA").

### JURISDICTION AND VENUE

2. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings, among other claims, claims under the federal FDCPA, 15 U.S.C. § 1692 *et seq.* Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida.

## PARTIES

4 Plaintiff Christopher J. Howard ("Howard" or "Plaintiff") is a natural person who resides in Orange County, Florida. Plaintiff is a "consumer," as that term is defined by 15 U.S.C. § 1692a(3), and Fla. Stat. § 559.55(2).

5. Defendant, Toyota Motor Credit Corp. d/b/a Lexus Financial Services ("Lexus"), is a California corporation, does business in the State of Florida, and is a "person" under Fla. Stat. § 559.72.

6. Defendant Central Credit Services, LLC, a Florida limited liability company ("Central Credit," together with Lexus as "Defendants") does business in the State of Florida, and is a "debt collector," as that term is defined by 15 U.S.C § 1692a(6) and Fla. Stat. § 559.55(6), as well as a "person" under Fla. Stat. § 559.72.

7. Defendants, in the conduct of their business, use one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication to communicate with Plaintiff.

8. The conduct of Defendants was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendants, and/or they knew in advance that the Defendants were likely to conduct themselves and allowed them to so act with conscious disregard of the rights and safety of others. The agent(s) or employee(s) of Defendants acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendants.

## FACTUAL ALLEGATIONS

9. On or about October 30, 2010 Plaintiff Howard entered into a lease agreement with Lexus Financial Services for lease of an automobile.

10. That least expired on or about October 30, 2013.

11. When the lease expired, Lexus alleged that Howard was liable for excess mileage and wear and tear on the vehicle in the amount of approximately $10,282.39, which Howard disputes.

12. On or about February 21, 2014, an attorney for Howard wrote a letter to Lexus (the "Cease & Desist Letter").

13. The Cease & Desist Letter explicitly stated, among other things, that "Mr. Howard has provided his attorneys' name and address and requires contact to continue only through his attorney. Lexus is thus expressly prohibited from contacting Mr. Howard except directly through the undersigned."

14. The Cease & Desist Letter was sent by certified mail and was received by Lexus on March 4, 2014.

15. Despite receiving the Cease & Desist Letter, Lexus retained the services of Central Credit to collect the debt. Upon information and belief, Lexus conveyed to Central Credit all material facts regarding the debt, including that Howard was represented by an attorney, and Central Credit had knowledge of the fact that Plaintiff was represented by counsel with respect to the debt.

16. Despite knowing that Plaintiff was represented by an attorney with respect to the debt, on May 12, 2014, Central Credit, on behalf of Lexus, sent a letter directly to Plaintiff attempting to collect the debt.

17. The continued communication with Howard, despite knowing that Howard was represented by counsel, constitutes indirect communication by Lexus and direct communication by Central Credit with a person known to be represented by an attorney.

18. Further, upon information and belief, Defendants repeatedly telephoned Plaintiff's parents home attempting to collect the debt.

19. As detailed below, that conduct constitutes a violation of the FDCPA and FCCPA.

## COUNT I

## VIOLATION OF THE FCCPA BY DEFENDANT LEXUS

20. This is an action against Lexus for violation of Fla. Stat. § 559.55 *et seq.*

21. Plaintiff re-alleges and incorporates paragraphs 1 through 19, as if fully set forth herein.

22. Lexus communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

23. Fla. Stat. § 559.72 provides, in pertinent part:

In collecting consumer debts, no person shall:

....

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family...

(18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

24. Through its conduct, described above, Lexus directly and through its agent violated the above sections of the FCCPA.

25. All conditions precedent to this action have occurred, have been satisfied or have been waived.

26. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Lexus is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

27. Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of Lexus as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

28. Each communication, made in violation of the FCCPA is a separate justiciable issue entitled to adjudication on its individual merits and is eligible for an award of damages. Pursuant to Federal Rule of Civil Procedure 10(b), each violation has been consolidated into a single count to promote clarity.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Lexus, finding that Lexus violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT II

## VIOLATION OF THE FDCPA BY DEFENDANT CENTRAL CREDIT

29. This is an action against Central Credit for violation of 15 U.S.C. § 1692 *et seq*.

30. Plaintiff re-alleges and incorporates paragraphs 1 through 19, as if fully set forth herein.

31. At all times, Central Credit acted as the agent for Lexus.

32. Through the conduct described in paragraphs 1 through 19 above, Central Credit violated the following provisions of the FDCPA:

### 15 U.S.C. § 1692c

> Without the prior consent of the consumer given directly to the debt collection or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt - - (2) if the debt collection knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer;

### 15 U.S.C. § 1692d

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

33. As a result of Central Credit's violation of the FDCPA, Plaintiff is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3); and (d) all other relief Plaintiff is entitled to under the law.

34. All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE,** Plaintiff respectfully requests this Court enter a judgment in Plaintiff's favor finding that Central Credit has violated the FDCPA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT III

## VIOLATION OF THE FCCPA BY DEFENDANT CENTRAL CREDIT

35. This is an action against Central Credit for violation of Fla. Stat. § 559.55 *et seq.*

36. Plaintiff re-alleges and incorporates paragraphs 1 through 19, as if fully set forth herein.

37. Central Credit communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

38. At all times, Central Credit acted as the agent for Lexus.

39. Fla. Stat. § 559.72 provides, in pertinent part:

In collecting consumer debts, no person shall:

....

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family...

(18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

40. Through its conduct, described above in paragraphs 1 through 19, Central Credit directly and through its agent violated the above sections of the FCCPA.

41. All conditions precedent to this action have occurred, have been satisfied or have been waived.

42. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Central Credit is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

43. Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of Lexus as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

44. Each communication, made in violation of the FCCPA is a separate justiciable issue entitled to adjudication on its individual merits and is eligible for an award of damages. Pursuant to Federal Rule of Civil Procedure 10(b), each violation has been consolidated into a single count to promote clarity.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Central Credit, finding that Central Credit violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

Dated: October 15, 2014

Respectfully Submitted,
**CENTRONE & SHRADER, PLLC**
1710 N. 19th Street, Suite 205
Tampa, Florida 33605
Phone: (813) 360-1529
Fax: (813) 336-0832

**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@centroneshrader.com
**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@centroneshrader.com
Attorneys for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF, CHRISTOPHER HOWARD

I, Christopher Howard, pursuant to 28 U.S.C. §1746, under penalties of perjury, state as follows:

I am a Plaintiff in this civil proceeding.

I have read the above entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____  
Christopher Howard

10/10/14  
Date